UNITED STATES of America, Plaintiff–Appellee,

v.

Misael MANJARREZ–FELIX, Defendant–Appellant.

No. 12–10484.

United States Court of Appeals, Ninth Circuit.

Sept. 24, 2013.*

Filed Oct. 2, 2013.

Christopher A. Brown, Assistant U.S., Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Peter Hormel, Esquire, Law Office of Peter Hormel, Tucson, AZ, for Defendant–Appellant.

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Misael Manjarrez–Felix appeals from the district court's judgment and challenges the four-month sentence imposed upon revocation of supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Manjarrez–Felix contends that the district court erred by ordering his revocation sentence to run consecutively to his sen-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tence for illegal reentry. He argues that U.S.S.G. § 5D1.1(c) creates a presumption that the court impose a concurrent sentence when a deportable alien is sentenced for violating supervised release. We disagree. Section 5D 1.1(c) concerns the imposition of a term of supervised release, not the sentence to be imposed upon revocation. *See* U.S.S.G. § 5D 1.1(c) (2011). Contrary to Manjarrez–Felix's argument, the Guidelines recommend that the court impose a consecutive sentence for a supervised release violation. *See* U.S.S.G. § 7B1.3(f).

Manjarrez–Felix next contends that his sentence is substantively unreasonable because it creates unwarranted sentencing disparities. Contrary to his claim, Manjarrez–Felix is not similarly situated to defendants who are not serving terms of supervised release. The district court did not abuse its discretion in imposing Manjarrez–Felix's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). In light of the totality of the circumstances and the 18 U.S.C. § 3583(e) sentencing factors, the consecutive sentence is substantively reasonable. *See id.*

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.